# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JASON TINGLE, as Personal Representative of the Estate of JEFFREY SCOTT COX, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No: 5:24-cv-1141-LCB ) |
| BOAR'S HEAD PROVISIONS, CO., INC., | ) **Unknown If Opposed** ) **or Unopposed** ) |
| Defendant. | ) |

## MOTION TO STRIKE

**COMES NOW** Defendant Boar's Head Provisions Co., Inc. ("Boar's Head") and moves this Honorable Court to strike Plaintiff's prayers and demands for certain damages arising out various of Plaintiff's claims. Boar's Head contacted Plaintiff earlier today during business hours and provided a copy of this motion in draft form, but has not yet learned whether Plaintiff opposes the motion. In support of its motion, Boar's Head shows the Court as follows:

## FACTS

1. Plaintiff alleges that Jeffrey Scott Cox ("Cox") became ill and eventually died due to his consumption of a Boar's Head food product. (Docs. 1 & 31.)

2. Cox's next friend filed suit before Cox died. (Doc. 1.) The action, premised upon diversity of citizenship, asserted various claims arising out of Cox's personal

-1-

injury. (*Id.*)

3.  Cox subsequently died. (Docs. 28 & 31 at ¶¶ 3 & 75.)

4.  Plaintiff was issued letters of administration over Cox's estate and was substituted for Cox's next friend. (Docs. 29 & 30.) Subsequently, Plaintiff filed the subject third-amended complaint, re-asserting claims arising out of Cox's personal injury as well as asserting, for the first time, a wrongful-death claim arising out of Cox's passing.[1] (Doc. 31.)

5.  Each of Plaintiff's five numbered counts, and a general *ad damnum* at the end of the complaint, seek "all damages available by law," which Plaintiff consistently characterizes as including compensatory, special, and punitive damages.

## STANDARD OF REVIEW

When federal jurisdiction is supplied by diversity of citizenship, a district court must apply the substantive law of the forum state. *Hardie-Tynes Co. v. SKF USA, Inc.*, 550 F. Supp. 3d 1240, 1246 n.4 (N.D. Ala. 2021), *amd. in part*, [No. 2:16-CV-1417-LCB, Feb. 1, 2022] *available at* 2022 WL 1082395 (N.D. Ala. 2022). Of course, a

---

[1] While Boar's Head does not move to dismiss Plaintiff's third-amended complaint, Boar's Head observes that Plaintiff is beyond the deadline to amend the complaint without leave, (*see* Doc. 14, at ¶ 1), and has not sought such leave. To be clear, under the circumstances, Boar's Head would not and does not oppose any grant of leave or permission for Plaintiff to amend the complaint to assert the claims set forth in the third-amended complaint. *See* Rule 1, Fed. R. Civ. P. Boar's Head does note that the circumstances underlying Plaintiff's third-amended complaint call into question the viability of the present scheduling order, and suggest that a modest extension of the present dates and deadlines may be warranted. If the Court so requests, Boar's Head certainly offers to cooperate with Plaintiff to reach a mutually-agreeable schedule for the balance of this litigation.

federal court is to follow the Federal Rules of Civil Procedure where they supply the necessary procedure. *Taxinet Corp. v. Leon*, 114 F.4th 1212, 1225 (11th Cir. 2024).

Rule 12(f), Fed. R. Civ. P., governs a motion to strike any "redundant, immaterial, [or] impertinent" matter from a pleading. The purpose of such a motion is "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Metro. Glass Co. v. Nat'l Tr. Ins. Co.*, [No. CA 14-0418-CG-C, Jan. 5, 2015] *available at* 2015 WL 74155, at *11 (S.D. Ala. 2015) (*quoting Principal Bank v. First American Mortgage, Inc.*, [No. 2:10–cv–190–FtM–29DNF, Mar. 27, 2014] *available at* 2014 WL 1268546, *1 (M.D. Fla. 2014) (cleaned up).

While a Rule 12(f) motion to strike is generally disfavored, *Contreras v. City of Hanceville Alabama*, [No. 5:18-CV-01748-LCB, May 3, 2019] *available at* 2019 WL 1979437, at *2 (N.D. Ala. 2019), it is nonetheless the proper vehicle to remove a complaint's inappropriate prayer for damages. *Nuclear Dev., LLC v. Tennessee Valley Auth.*, [No. 5:18-CV-1983-LCB, Apr. 23, 2021] *available at* 2021 WL 9477054, at *1 (N.D. Ala. 2021); *Pucci v. Carnival Corp.*, 160 F. Supp. 3d 1329, 1331 (S.D. Fla. 2016). Indeed, courts have found "practical wisdom" in entertaining a motion to strike to resolve "at the jump" the viability of a prayer for certain damages. *See Doe v. Indyke*, 457 F. Supp. 3d 278, 285 (S.D. N.Y. 2020).

Boar's Head has identified no controlling precedent governing the interplay of this motion to strike and its answer, which would otherwise be due today. Rule

12(a)(4)(A), Fed. R. Civ. P., provides that any Rule 12 motion -- which would necessarily include a motion to strike pursuant to Rule 12(f), Fed. R. Civ. P. -- alters the deadline to plead in response to a complaint until such time as the court rules on the motion or sets a new deadline. Boar's Head's motion is highly limited in scope, seeking as it does only to strike certain material "**from** a pleading," Rule 12(f) (emphasis supplied), not to strike an entire pleading.[2] Consequently, Boar's Head is agreeable, willing, and able to answer the third-amended complaint without delay, but notes for the Court the sole reason why it has not today filed its answer to the third-amended complaint.

## ARGUMENT

### I. Plaintiff's Prayer for Compensatory Damages for Wrongful Death

Count Five of Plaintiff's third-amended complaint asserts a claim for wrongful death pursuant to Ala. Code 1975, § 6-5-410. (Doc. 31, at ¶¶ 105-107.) A hallmark of Alabama's wrongful-death statute is the nature of damages awardable, which are **punitive only**. *King v. Nat'l Spa & Pool Inst., Inc.,* 607 So. 2d 1241, 1246 (Ala. 1992); *Black Belt Wood Co. v. Sessions*, 514 So. 2d 1249, 1261-62 (Ala. 1986). Plaintiff's wrongful-death claim seeks the award of "all damages available at law," and properly prays for punitive damages. Mystifyingly, however, Plaintiff also describes the

---

[2] Wright and Miller have observed that simultaneously moving to strike and answering the complaint is probably permissible, but that the practice is "both somewhat illogical and a technical violation." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380 (3d ed.)

"available" damages under the wrongful-death statute to include both compensatory and special damages. (Doc. 31, at 107.) It is well settled that neither compensatory nor special damages may be recovered in a wrongful-death action. Therefore, the Court should strike the prayer for relief for the wrongful-death claim to the extent it seeks compensatory and special damages.

## II.    Plaintiff's Prayer for Relief for Punitive Damages for Personal Injury

In like manner, Plaintiff's prayers for relief for counts one through four pray for the award of "damages available at law." (Doc. 31 at ¶¶ 76, 82, 99, & 104.) Each paragraph again purports to describe the available damages to include compensatory, special, and punitive damages. (*Id.*) To the extent Plaintiff's claims seek to recover for Cox's personal injuries, Plaintiff is entitled to attempt to prove and recover compensatory and special damages. And to the extent that Plaintiff's claims are phrased in order to assert "variations in legal theory" undergirding Plaintiff's singular cause of action for wrongful death, *see Sledge v. I.C. Corp.*, 47 So. 3d 243, 247 (Ala. 2010), Plaintiff is also entitled to pray for punitive damages.

Out of an abundance of caution, however, and to clarify the pleadings to eliminate immaterial, impertinent, and redundant matters at the outset, Boar's Head moves to strike Plaintiff's prayers for relief ***to the extent*** that Plaintiff seeks the award of **punitive** damages in consequence of the asserted **personal injury** claims in counts one through four. Such damages are not available to Plaintiff under the procedural

posture of this case.

In the typical case, a plaintiff asserting a personal injury lawsuit is entitled to assert and to endeavor to prove a claim such as wantonness, which if proved by clear and convincing evidence would entitle the plaintiff to recover punitive damages. Ala. Code 1975, § 6-11-20(a). This case, however, presents the relatively rare circumstance in which suit was filed in time to assert claims relating to the alleged act that initially injured the claimant, but which plaintiff contends eventually caused the death of the decedent.

Because a wrongful-death action yields damages that are punitive in nature, those damages "displace[] any claim for punitive damages in the personal injury action." *King*, *supra* at 1248. Thus, in the presence of a wrongful-death claim, a personal injury claim affords "no recovery for punitive damages." *Id.* Here, where suit was filed before death, plaintiff Tingle may seek compensatory damages for injuries and losses arising out of Cox's alleged personal injuries. Under the wrongful-death statute, Tingle may also seek punitive damages for any act that allegedly proximately caused Cox's death. Tingle **may not**, however, "return to the well" and seek imposition of **yet more** punitive damages for the personal injury claim, even if he could possibly prove some tort that might otherwise entitle a plaintiff to punitive damages. Critically, the Supreme Court has not allowed any flexibility on this issue, such as by requiring or permitting a party to select one of two competing theories of

-6-

recovery. Rather, the Court has specifically instructed that in the face of a wrongful-death claim, the demand for punitive damages **must give way**.

Plaintiff's third-amended complaint asserts a claim for wrongful death as well as for the tort of wantonness. Because Plaintiff cannot recover punitive damages for any tort causing Cox's alleged personal injuries, including wantonness, any prayer for relief seeking punitive damages for personal injury must be stricken.

## CONCLUSION

Because Plaintiff may not recover compensatory or special damages arising out of a wrongful-death claim, and may not recover punitive damages for personal injury in the face of a wrongful-death claim, Plaintiff's immaterial, impertinent, and redundant prayers for relief and efforts to double dip and recover any of those damages must fail. The Court should **STRIKE** Plaintiff's inappropriate prayers for relief and/or demands for unavailable damages.

Respectfully submitted, this the 23rd day of May, 2025,

*s/ Jonathan M. Hooks*
Jonathan M. Hooks (ASB-0866-A36H)
Alan M. Maxwell (admitted *pro hac vice*)
Evan I. Long (admitted *pro hac vice*)
*Counsel for Defendant Boar's Head Provisions Co., Inc.*

**OF COUNSEL:**
WEINBERG WHEELER HUDGINS GUNN & DIAL, LLC
100 Corporate Parkway
One Lake Level
Birmingham, Alabama 35242
205.572.4412 – telephone

205.572.4199 – facsimile
jhooks@wwhgd.com
amaxwell@wwhgd.com
elong@wwhgd.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2025, I electronically filed a copy of the foregoing using the Court's CM/ECF electronic filing system, which will send notification of such filing to the following counsel of record:

Dennis E. Goldasich, Jr., Esq.
Joshua M. Vick, Esq.
GOLDASICH, VICK & FULK
2100 Third Avenue North, Suite 400
Birmingham, Alabama 35203
Email: dennis@golaw.net
Email: josh@golaw.net
Email: william@golaw.net
*Counsel for Plaintiff*

*s/ Jonathan M. Hooks*
OF COUNSEL